UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 19-CR-268 (TSC)** |
| v. | **UNDER SEAL** |
| **FABIAN EDILSON TORRES CARANTON,** also known as "Cassius," and "David," | |
| Defendant. | |

**JOINT MOTION FOR CONTINUANCE AND STATUS REPORT**

The United States of America ("Government") and Defendant, Fabian Edilson Torres Caranton, represented by the undersigned counsel, request that the Court continue the status hearing scheduled in the above caption proceeding, currently scheduled for February 11, 2025, to the week of March 3, 2025, or as soon thereafter as the Court is available. The parties further respectfully request that the Court issue an Order excluding time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

1.  On August 7, 2019, a federal grand jury sitting in the District of Columbia returned an Indictment charging the Defendant with conspiracy to distribute five kilograms or more of cocaine, intending, knowing, and having reasonable cause to believe that the cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960(b)(1)(B)(ii), and 963.[1]

2.  In August 2019, the Colombian government issued a provisional arrest warrant ("PAW"), and the Government submitted a formal extradition request to Colombian authorities on July 8, 2022. Colombian authorities arrested the Defendant on May 17, 2022. The Defendant was

---

[1] A Superseding Indictment was returned on November 25, 2020. The charges against the Defendant were not amended.

1

in continuous custody in Colombia following his arrest, and he was formally extradited to the United States on December 29, 2023.

3. On January 2, 2024, the Defendant appeared in this District and was arraigned on the Indictment. The Defendant was ordered detained, an initial status hearing was scheduled for January 8, 2024, and time was excluded under the Speedy Trial Act.

4. At the status hearing on January 8, 2024, the Court ordered the parties to file a Joint Status Report by March 11, 2024, scheduled a status hearing for March 25, 2024, and time was excluded under the Speedy Trial Act.

5. On February 22, 2024, the Court informed the parties via electronic mail that it was necessary to reschedule the March 25, 2024, status hearing. The status hearing was rescheduled to May 20, 2024. Pursuant to the Court's Minute Order, time was excluded under the Speedy Trial Act.

6. The parties subsequently appeared before the Court on May 20, 2024, July 26, 2024, September 17, 2024, and December 9, 2024, to advise the Court on the status of discovery and ongoing efforts to resolve the matter without a trial. On each date, time was excluded under the Speedy Trial Act.

7. The parties submitted Joint Status Reports on March 11, 2024, May 9, 2024, and November 4, 2024, informing the Court about the progress of discovery and the ongoing efforts to reach a resolution without proceeding to trial.

8. On January 2, 2025, the Government conveyed a formal Plea Agreement and proposed Statement of Facts to the Defendant. The parties anticipate a resolution short of trial but require additional time to continue negotiations.

9.      The parties request that the Court grant additional time for the Government to provide supplemental discovery, for Defense Counsel to review the supplemental discovery and discuss it with the Defendant, and for the parties to continue plea negotiations. Accordingly, the parties request that the Court continue the February 11, 2025, status hearing to the week of March 3, 2025, or as soon thereafter as the Court is available.

10.     Pursuant to 18 U.S.C. § 3161(h)(7)(A), the parties believe that the ends of justice served by the tolling of the Speedy Trial clock until the next scheduled hearing in this matter outweigh the interest of the public and the Defendant in a speedy trial. This additional time is necessary for the parties' continued negotiations toward a resolution short of trial.  Failure to grant such a continuance may result in a miscarriage of justice and would deny the parties reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).

Dated: February 6, 2025

                                                    Respectfully submitted,

                                                    MARLON COBAR, Chief
                                                    Narcotic and Dangerous Drug Section
                                                    Criminal Division
                                                    U.S. Department of Justice

| | |
|---|---|
| */s/ Elita Amato* | */s/ Douglas Meisel* |
| Elita Amato | Douglas Meisel |
| Counsel Fabian Edilson Torres Caranton | Josh Katcher |
| 2111 Wilson Blvd., 8th Floor | Trial Attorneys |
| Arlington, VA 22201 | Narcotic and Dangerous Drug Section |
| Email: amato@amatoatlaw.com | Criminal Division |
| | U.S. Department of Justice |
| | 145 N Street, NE |
| | Washington, D.C. 20530 |
| | Phone: (202) 598-2281 |
| | Email: douglas.meisel@usdoj.gov |

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this Joint Status Report has been served by electronic mail on counsel for the Defendant on Thursday, February 6, 2025.

                                    */s/ Douglas Meisel*
                                    Douglas Meisel
                                    Trial Attorney
                                    Narcotic and Dangerous Drug Section
                                    Criminal Division
                                    U.S. Department of Justice
                                    145 N Street, NE
                                    Washington, D.C. 20530